IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DORIS ANN YOUNG, | ) | 06-80397-G3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM OPINION

The court heard the Emergency Motion and Amended Emergency Motion for Modification of Automatic Stay To Act Against Real Property In Rem and To Proceed With Pending State Court Litigation (Docket Nos. 6 and 12) filed by Chris Di Ferrante.  No response or opposition was filed by Doris Ann Young, Debtor, but she appeared, *pro se*, at the hearing and opposed the requested relief.  After considering the pleadings, evidence, and arguments of the parties, the court makes the following Findings of Fact and Conclusions of Law, and will enter a separate Judgment granting in part the relief requested.  The automatic stay is lifted for the sole purpose of allowing Chris Di Ferrante to proceed with the prosecution and resolution of dispositive motions currently pending in state court litigation entitled "Chris Di Ferrante vs. Donald L. Young, et. al.," Cause No. 52,700, County Court At Law No. 2, Galveston County, Texas.  To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any of the Conclusions of Law

herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. On October 3, 2006, Doris Ann Young ("Debtor"), appearing *pro se*, filed a voluntary bankruptcy petition under Chapter 7 (Docket No. 1).

2. Debtor filed the instant bankruptcy proceeding only minutes before a scheduled foreclosure sale.  As of this date, Debtor has not paid a filing fee although there is a pending Application to Pay Filing Fee In Installments (Docket No. 2). Debtor has failed to file information required by 11 U.S.C. § 521(a), including a list of creditors in the form of a mailing matrix, Schedules, Statement of Financial Affairs, Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, and copies of payment advices. Debtor was notified of these deficiencies by the Clerk's Office, Southern District of Texas, Houston Division, by mail on October 4, 2006. These deficiencies have not yet been cured.

3. Chris Di Ferrante ("Movant"), a creditor, requests that this court lift the automatic stay *in rem* to allow him to proceed with foreclosure of real property located in Galveston County, Texas[1], which he says is secured by a note, in the original

---

[1] Lot 26, Block 4, West Kemah Subdivision, Section 1, according to the map or plat thereof, recorded in Volume 254-A, Page 52, Galveston County, Texas, hereinafter referred to as the "property."

2

amount of $25,000, and deed of trust in Movant's favor.  Movant also requests that the court allow him to proceed with state court litigation, in which Debtor is a defendant, entitled "Chris Di Ferrante vs. Donald L. Young, et. al.," Cause No. 52,700, County Court At Law No. 2, Galveston County, Texas.

    4.   Movant filed the motions to lift the stay on an emergency basis to allow time to post the property for a November foreclosure date.  Further, Movant alleged in his motions that trial of the state court litigation was scheduled for November 6, 2006; however, at the time of hearing on the instant motions, that date had been reset.  Movant testified that there are dispositive motions currently pending and ripe for ruling in the state court litigation.

    5.   Debtor appeared *pro se*, in opposition to the motions, and advised the court she was attempting to obtain counsel.  In light of the emergency basis of the October 18, 2006 setting and Debtor's appearance and request for delay, the court limited the hearing and evidence to the sole issue of whether to lift the automatic stay to allow Movant to proceed with the prosecution and resolution of the pending dispositive motions in state court.  An additional hearing will be set on the remaining relief requested by Movant.

    6.   Movant testified that for four years he has pursued state court litigation against Debtor, her spouse, Donald, their daughter, Donna Holcomb, and a corporate entity, Two Story

Enterprises, Inc. ("TSE"), which is wholly owned by Holcombe. Movant testified that he filed his state court claim against Donald Young, and shortly thereafter against Debtor, in October 2002.

7.  Movant testified that during the four years that this state court litigation has been pending, Donald Young has filed bankruptcy two times, Holcombe one time, and TSE two times, in addition to the instant proceeding, all in the Southern District of Texas.  The court takes judicial notice of these case filings and their docket sheets.  Movant's Exhibit Nos. 12 - 16, Case No. 03-36052-H4-13, Case No. 03-80657-G3-13, Case No. 03-38300-H5-11, Case No. 05-44312-H3-11 and Case No. 05-94375-H1-13.  Movant testified that these bankruptcy filings by the Young family have delayed the state court litigation a number of times.  He testified that it has also prevented and delayed at least six proposed foreclosure sales of the property.

8.  This is essentially a two party dispute and the court notes that the dispute was in the process of being adjudicated before the state court when Debtor filed her bankruptcy petition.

9.  Debtor presented Donald Young as a witness, but the testimony elicited was related to the merits of the state court litigation and to claims more properly raised and determined through a separate suit.  The state court has been involved with these parties for four years.  It is a proper forum for resolution of the issues before it and was in the process of adjudicating this matter.

Conclusions of Law

1.  The term "cause" used in 11 U.S.C. § 362(d)(1) is not defined in the Code and whether cause exists must be determined on a case by case basis.  Allowing a matter to proceed in another forum may constitute cause.  *In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990).

2.  The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case.  *In re Atlantic Ambulance Associate, Inc.*, 166 B.R. 613 (Bankr. E.D.Va. 1994).

3.  In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside the bankruptcy court, a judge should determine: (1) if lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate; (2) if hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor; and (3) if the creditor has a probability of prevailing on the merits of the case.  *In re Namazi*, 106 B.R. 93 (Bankr. E.D.Va. 1989).  *See also In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir. 1990); *In re United States Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994; *In re Fowler*, 259 B.R. 856 (Bankr. E.D. Tex. 2001).

4.  Not all factors may be relevant to each case. Further, the decision to lift the stay may be upheld on judicial economy grounds alone.  *See In re United States Brass Corp.*, 176

B.R. 11, 13 (Bankr. E.D. Tex. 1994), citing *In re Kemble*, 776 F.2d 802, 907 (9th Cir. 1985). The court finds that this partial lifting of the stay will not result in prejudice to the debtor or the bankruptcy estate. Movant testified that the dispositive motions were filed sometime in July 2006. Debtor has had sufficient opportunity to review and address the issues raised therein. The court finds that delaying the state court's consideration of the motions would impede judicial economy and would result in hardship to Movant, in light of the past delays Movant has experienced as a result of the bankruptcy filings by the Young family. The court finds sufficient cause to partially lift the stay.

    Based on the foregoing, the court will enter a separate Judgment lifting the stay for the limited purpose to allow Movant to proceed with the prosecution and resolution of the pending state court dispositive motions. The remainder of Movant's requested relief from stay will be set for consideration in the near future.

    SIGNED at Houston, Texas on this 20th day of October, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE