IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DORIS ANN YOUNG | § | CASE NO: 06-80397 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO VACATE

Doris Young filed a motion to vacate this Court's order of dismissal [doc. no. 58]. Based on the findings of fact and conclusions of law stated on the record on December 1, 2006, as supplemented by this memorandum opinion, the motion to vacate is denied.

### Background

Doris Young ("Young") filed for chapter 7 bankruptcy on October 3, 2006. The case was filed *pro se*. Upon filing, Young submitted a bankruptcy petition, certificate of credit counseling and application to pay filing fees in installments. On October 4, 2006, Judge Clark issued an order regarding the possible future dismissal of Young's case [doc. no. 4]. That order states that the Clerk has determined that Young failed to file her schedules, statement of financial affairs, means test, creditor matrix, and payment advices, as required by § 521(a). The order regarding dismissal also states that § 521(i) requires automatic dismissal of cases in which the debtor fails to comply fully with § 521(a)(1)'s requirements.

On November 2, 2006, Young filed her schedules, statement of financial affairs, and means test. Young did not file her creditor matrix and did not seek an extension to do so. On November 20, 2006, the Court dismissed Young's case. The order of dismissal [doc. no. 51] provides that Debtor's failure to comply with the Court's deficiency order is the reason for the dismissal.

- 1 -

On November 27, 2006, after her case was dismissed based on § 521(i), Young filed her creditor matrix. On the same day, Young, now represented by counsel, filed a motion to have the Court's order of dismissal vacated. On December 1, 2006, the Court held a hearing on Young's motion to vacate.

Young argues that the filing of a schedule of assets and liabilities necessarily includes a listing of creditors—i.e., the separate filing of a list of creditors is not required by the Code. Young admits that Local Rule 1017(a)(5) requires the submission of a creditor mailing list. However, Young argues that the failure to comply with the Local Rule does not mandate dismissal. Also, counsel for Young points to the fact that Young originally filed her petition *pro se*. Young now asks the Court for leniency based on Young's original *pro se* status.

### Section 521(a) and Automatic Dismissal

Effective October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") significantly amended the Bankruptcy Code. One section heavily amended by BAPCPA is § 521. In subsection 521(a), Congress established specific filing requirements for debtors; in subsection 521(i), Congress mandated dismissal for failing to meet those requirements:

> (a) The debtor shall--
>    (1) file--
>       (A) a list of creditors; and
>       (B) unless the court orders otherwise--
>          (i) a schedule of assets and liabilities;
>          (ii) a schedule of current income and current expenditures;
>          (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate--
>             (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer

>>delivered to the debtor the notice required by section 342(b); or
>>(II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
>(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
>(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
>(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;
>....
>(i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521.

Young's first argument, that the Code does not require a separate listing of creditors, is contrary to the plain language of § 521(a)(1)(A). It is fundamental that "[t]he plain meaning of legislation should be conclusive." *United States v. Ron Pair*, 489 U.S. 235, 242 (1989). Here, the Code distinctly states that "The debtor shall … file … a list of creditors." 11 U.S.C. § 521(a)(1)(A).

Adding to this requirement's distinction is the fact that it is subject to different rules from the other required filings. According to § 521(a)(1)(B), the Court may "order[] otherwise" with respect to the filing of schedules, a statement of financial affairs, payment advices, means test, and forecasted income increase. However, no discretion to order otherwise is contained within § 521(a)(1)(A). The requirement to file a list of creditors is distinctly enumerated and specially treated. It must be separately submitted.

Fed. R. Bankr. P. 1007 creates another problem with the argument that a list of creditors may be subsumed within the Code's other requirements. That rule provides, in relevant part:

> *In a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H* as prescribed by the Official Forms. If the debtor is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Rule 7007.1. The debtor shall file a supplemental statement promptly upon any change in circumstances that renders the corporate ownership statement inaccurate.

FED. R. BANKR. P. 1007(a)(1) (emphasis added).

This rule reiterates the fact that a list of creditors must be provided separately from a debtor's schedules. It also makes it clear that a debtor must submit addresses in addition to the names of all creditors. Even if the Court were to give Young's argument credence, which it does not, Young's schedules still failed to provide addresses for the bulk of Young's creditors. The schedules also entirely failed to list certain creditors at all. Thus, even by Young's own interpretation, her filing is deficient.

Accepting that she has violated § 521(a), Young asks this Court to reconsider and vacate its motion to dismiss. The basis for this request is Young's alleged good faith and honest effort as a *pro se* debtor. Young relies on Fed. R. Bankr. P. 9023 and 9024 (applying Fed. R. Civ. P. 59 and 60, respectively) as support for this relief. As set forth in more detail below, Rules 9023 and 9024 allow the Court limited discretion when there has been non-compliance with rules. Rules 9023 and 9024 do not provide the Court with discretion to waive a statutory requirement. The Court finds that such relief is not allowed by the BAPCPA amendments at issue in this case. Consequently, Young's motion to vacate on these grounds is denied.

When it passed BAPCPA, Congress "created a law that is sometimes self-executing, inflexible, and unforgiving. Title 11 U.S.C. § 521(i) is just one of those provisions." *In re Ott*,

343 B.R. 264, 266 (Bankr. D. Colo. 2006). Section 521(i) contains no language of discretion; if the filing requirements of § 521(a)(1) are not timely met, the case "shall be automatically dismissed …." 11 U.S.C. § 521(i). The court in *In re Fawson* aptly described the section's application:

> Once the determination that all of the provisions of § 521(i)(1) are met, and subject to subparagraph (4), the statute is quite clear regarding the Court's duties under § 521(i)(2). Even the time to execute the dismissal order, unlike some other provisions of BAPCPA, is about as clear as it can be. Such clarity, if all criteria are met, relieves the Court of discretion in the matter and makes entry of the dismissal order under § 521(i)(2) ministerial.

*In re Fawson*, 338 B.R. 505, 510-11 (Bankr. D. Utah 2006).

Young now asks this Court to circumvent the explicit directions of the statute by vacating the mandatory order of dismissal based on equity. As grounds for this request Young relies on Fed. R. Bankr. P. 9023 and 9024. Young has not pointed the Court towards a specific subsection within these rules. Rather, Young argues that she was *pro se* when she filed, she did her best as a *pro se* debtor, and she did not try to mislead the Court in any way.

Essentially, Young is asking the Court to use the Federal Rules of Civil Procedure to negate an explicit mandate of the Bankruptcy Code. This is not possible, as a statute written by Congress almost always takes precedence over the rules of procedure established by the Judiciary. "Quite simply, an automatic statutory dismissal is not the kind of action contemplated by Rule 60(b) and therefore cannot form the basis for any relief under Rule 60(b). Even if it were, however, Rule 60(b) could not be used to bypass the strict statutory scheme established by §521(a)(1) and (i)." *In re Wilkinson*, 346 B.R. 539, 546 (Bankr. D. Utah 2006); *see also, In re Williams*, 339 B.R. 794, 795 (court did not have power to grant debtor's untimely request for extension of time to comply with § 521(a)(1). It was "one of the situations under BAPCPA

where the Court at one time had some—albeit it limited—discretion to grant an enlargement, but now it has no discretion whatsoever ….").

Bankruptcy courts have been furnished with "broad powers … to fashion equitable remedies …" but such powers "must be exercised only within the confines of the Bankruptcy Code." *In re Southmark*, 49 F.3d 1111, 1116 (5th Cir. 1995). The bankruptcy courts are not empowered "to act as roving commissions to do equity" *Id.* (internal quotes omitted). Based on the clear language of the Code and the persuasive published opinions cited above, the Court finds it does not have the power in this case to vacate the automatic dismissal issued under § 521(i).

## Conclusion

BAPCPA is the law that Congress has written, and it is the job of this Court to enforce such law as written whenever possible. Section 521(a)(1)(A) requires that a separate creditor list be filed with the court. Section 521(i)(1) requires the automatic dismissal of any case in which § 521(a)(1) is violated. Young did not comply with § 521(a)(1)(A) within the time period prescribed by the Code. Consequently, her case was dismissed and her motion to vacate that dismissal is denied.

Signed at Houston, Texas, on December 6, 2006.

MARVIN ISGUR
United States Bankruptcy Judge